IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SOUTHERN CHRISTIAN LEADERSHIP )
CONFERENCE (SCLC), a Georgia )
non-profit corporation, )
334 Auburn Ave. N.E., Atla., Ga. )
    Plaintiff, )
            )  CIVIL ACTION NO. 76-1186
    vs. )
            )  FOR:
CLARENCE M. KELLEY, CARTHA )  First, Fourth & Fifth
DeLOACH, WILLIAM C. SULLIVAN, )  Amendments & Production of
JOHN P. MOHR, Executor of )  Recording Tapes
the Estate of CLYDE A. TOLSON, )
deceased, and TEN UNKNOWN )
AGENTS, individually and )  JURY REQUESTED
as agents of the FEDERAL )
BUREAU OF INVESTIGATION, )
    Defendants. )

FILED
OCT 14 1976
JAMES F. DAVEY, Clerk

AMENDED COMPLAINT

Pursuant to Rule 15(a), plaintiff files herewith its Amended Complaint and alleges that:

1. This action arises under the First, Fourth and Fifth Amendments to the Constitution of the United States, and 18 U.S.C. §2511, et seq. Jurisdiction is predicated upon 28 U.S.C. §1331 and §1343(4). The matter in controversy exceeds, exclusive of interest and costs the sum of Ten Thousand Dollars.

2. In 1958 and in Georgia, plaintiff was incorporated non-profit after the NAACP was barred in Alabama, and other places in the South. Its corporate purposes are: promoting greater understanding, interracial development, and goodwill; to work with other groups in the attainment of interracial unity, harmony and understanding; and to conduct public forums on the obligation of citizenship, among other purposes. The late Rev. Dr. Martin Luther King, Jr., was its President from its incorporation until his assasination on April 4, 1968; his successor, as the President, is the Rev. Dr. Ralph David Abernathy.

3. Defendant, CLARENCE M. KELLEY, is presently the Director of the FEDERAL BUREAU OF INVESTIGATION (FBI), with supervisory authority over the property and personnel of the FBI, an agency of the U.S. Government, with offices in the District of Columbia. Defendants, CARTHA DeLOACH, WILLIAM C. SULLIVAN and TEN UNKNOWN AGENTS, are or were agents of the FBI, at all times material. Defendant, JOHN PHILLIP MOHR, is the Executor of the Estate of CLYDE A. TOLSON, deceased, who was the Assistant Director of the FBI, at all times material. The TEN UNKNOWN AGENTS are FBI agents whose names are not now known but who were persons subject to and acted under the direction, supervision and control of defendants CARTHA DeLOACH, WILLIAM C. SULLIVAN and CLYDE A. TOLSON, in the perpetration of the wrongful and inequitable acts complained of, herein.

4. Since its incorporation, plaintiff-corporation, acting through its officers, directors and servants, has sought and obtained funding from foundation grants and contributions solicited by mail, and public forums. Its reputation for advancing its corporate purposes, by use of said funds, was publically acclaimed when its past-president was awarded the Nobel Peace Prize in 1964 for his efforts, along with plaintiff-corporation's officers, directors and servants, in promoting peace among the various advocates for and against the civil rights of minorities; since the death of Dr. King, those policies and purposes have been carried on by its successor-officers, directors and servants who are directly affected by any interruption, or chilling, of foundation grants, and other monetary contributions, to plaintiff-corporation.

- 2 -

5. On information and belief, beginning in 1963 and ending in the Fall of 1968, defendants, jointly and severally, or some of them, (except KELLEY), for the purposes of adversely affecting plaintiff-corporation's fund-raising, and the reputation of its officers, directors, servants and friends, among other wrongful purposes, did put into action a plan, in the District of Columbia, whereby the offices of plaintiff-corporation were subjected to electronic eavesdropping devices, at plaintiff's offices, or at many other temporary location its late President, and/or other corporate directors, officers and servants, were using as an office. Plaintiff-corporation's information is based upon the report of the Select Committee of the U.S. Senate.

6. Said electronic eavesdropping was done surreptitiously by trespass, or other wrongful and inequitable means unknown to plaintiff; without warrant or authorization by any court.

7. In the Fall of 1964, plaintiff's officers, directors and servants were put on notice that its late president had been electronically eavesdropped upon, in the District of Columbia, and tape recorded, but had no notice or knowledge that FBI agents (except KELLEY) including the late director were involved. However, since 1964 they lived in constant fear of the resulting harm, financial, or to the right of privacy of the officers, directors, servants and friends of plaintiff-corporation, if the same was violated by electronic eavesdropping and tape recording, and disclosed, by copies thereof, or by memorandum or transcript, because some of said conversations often were confidential about innocent people,

- 3 -

their children, their family affairs, and their personal failures and fortunes.

8. Plaintiff, acting through its officers, directors and servants, is now informed and believes that the resulting tape recordings, transcripts or memorandum from the many wrongful interceptions of oral and wire communications before and after 1968 by defendants, or some of them, jointly or severally, (except KELLEY) have been made available and divulged to newsmen and persons outside of the FBI for purposes of harming plaintiff by ridiculing its officers, directors and servants; and plaintiff has been advised that persons with whom its officers, directors and servants communicated for fund-raising purposes were contacted by defendants, or some of them, jointly or severally, /for purposes of harming plaintiff's fund-raising (except KELLEY) efforts. Moreover, plaintiff-corporation's officers, directors, servants and friends have been inhibited and chilled in their means of communicating orally and by wire in their effort to raise funds for plaintiff; and to communicate for the purposes of assembling, and planning the different methods by which they might redress their government for redress of the rights of minorities, whether the same be "social activists", or communists, or socialists, or minorities who live in Ireland, or southern Africa.

9. Because of past leaks, plaintiff believes that tape recordings, transcripts and memoranda made from oral and wire communications wrongfully intercepted, as aforesaid, may in the future be leaked to its financial contributors and to the public, to its irreparable harm and damage; that other innocent persons, who may have been parties who happened to use plaintiff's

- 4 -

facilities, or were spoken to, or spoken about, in said oral and wire conversations will be irreparably harmed and damaged if this Court does not immediately take possession and impound all of the tapes, transcripts and memorandum arising out of said wrongful activities of the defendants (except KELLEY).

10. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff-corporatio prays the Court to order, adjudge, declare and decree that:

1. Defendants, CLARENCE M. KELLEY, CARTHA DeLOACH, WILLIAM C. SULLIVAN, and JOHN PHILLIP MOHR, as afore described, be mandatorily enjoined and required, under a protective order of the Court, to produce all of said tape records, of and concerning the plaintiff, its officers, directors, servants and friends who communicated over plaintiff-corporation's wires or facilities, or who were spoken of, or spoken to over plaintiff-corporation's wires and facilities, including all copies and transcripts, thereof, for destruction.

2. The Court find that said tape recordings of oral and wire conversations invaded the associational privacy of plaintiff-corporation's officers, directors, servants and friends, which were beyond the outer perimeters of defendants' (except KELLEY) line of duty, and were without Equity and not in good faith.

3. That plaintiff-corporation have recompense against defendants (except KELLEY) jointly and severally, in the sum of ONE MILLION DOLLARS and punitive damages of FOUR MILLION DOLLARS and costs, and that plaintiff-corporation have such other and further relief in Equity as the Court deems meet.

Ms. PATRICIA WORTHY
666 - 11th Street, N.W.
Washington, D.C. 20001
202/737-5432

CHAUNCEY ESKRIDGE
110 S. Dearborn Street
Chicago, Illinois 60603
312/372-1106

STATE OF ILLINOIS ) ss.
COUNTY OF COOK )

CHAUNCEY ESKRIDGE, being first duly sworn, deposes and says that he is attorney and agent for the plaintiff in the above-entitled cause, that he has read the above and foregoing Amended Complaint by him subscribed; that he is familiar with the facts therein alleged and the same are true, except matters stated upon information and belief, which he believes to be true.

_____

SUBSCRIBED and SWORN to before me this ____ day of September, 1976.

_____
NOTARY PUBLIC