UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 21 1977

JAMES F. DAVEY, Clerk

BERNARD S. LEE,

        Plaintiff

    v

CLARENCE M. KELLEY, et al.,

        Defendants

Civil Action

No. 76 - 1185


SOUTHERN CHRISTIAN LEADERSHIP
  CONFERENCE,

        Plaintiff

    v

CLARENCE M. KELLEY, et al.,

        Defendants

Civil Action

No. 76 - 1186


MEMORANDUM OPINION AND ORDER

    Bernard Lee, former assistant to Dr. Martin Luther King, and the Southern Christian Leadership Conference (SCLC), headed by Dr. King until his death in 1968, are suing Clarence Kelley, Cartha DeLoach, William Sullivan, John Mohr (executor of the estate of Clyde Tolson), and two unknown (and unserved) FBI agents for violation of rights guaranteed them under the First, Fourth, and Fifth Amendments to the Constitution of the United States. Specifically, Lee alleges that defendants surreptitiously tape-recorded his conversations in a room at the Willard Hotel in 1963 and that a copy of the tape was sent to Mrs. King in 1964. He further contends that other of his conversations have unlawfully been recorded since that time,

- 2 -

including some after the enactment, in 1968, of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§2510-2520. SCLC complains that, "beginning in 1963 and ending in the Fall of 1968", defendants eavesdropped on the conversations of the organization's employees. It too contends that recordings of these conversations have been made available to the news media and others outside the FBI. Both plaintiffs seek money damages and request that all records of the monitored conversations be destroyed or impounded.

Defendants' Motions to Dismiss, now before the Court, raise several substantial defenses. However, in view of the fact that the Court now finds the damage claims to be barred by the statute of limitations, consideration of the other defenses is pretermitted.

When suing either under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or under Title III, plaintiffs are governed by the most analogous statute of limitations of the state in which the Court sits. Holmberg v. Armbrecht, 327 U.S. 392, 395 (1946); Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975); Ernst & Ernst v. Hochfelder, 44 U.S.L.W. 4451 4459n.29 (1976); Forrestal Village, Inc. v. Graham, No. 76-1314 (D.C.Cir. January 13, 1977). In this case, the three-year District of Columbia statute controls. Pub.L.88-241, 77 Stat. 509, 12 D.C. Code §301(8). The statute began to run when plaintiffs actually discovered, or in the exercise of due diligence should have discovered, the operative facts of the cause of action. See Lewis v. Denison, 2 App.D.C.

- 3 -

387 (1894); Holmberg v. Armbrecht, supra.

Starting in the mid-1960s and reaching a peak in 1968 and 1969, at the time of former Attorney General Robert Kennedy's campaign for the Presidency and thereafter, the nation's leading newspapers were rife with accounts of buggings of Dr. King. See Exhibit A to Federal Defendants' Motion to Dismiss. Under these circumstances, plaintiffs' avowal that they had no knowledge of the source of the tapes until the 1975 report by the Senate Select Committee on the FBI is not well taken. Accordingly, the motions to dismiss the amended complaints are granted.

With reference to the custody of the intercepted conversations, an inventory of all such records shall be presented to the Court, and the records themselves shall be turned over, under seal, to the Archivist of the United States. See 44 U.S.C. §2101 et seq.

Therefore, it is by the Court this 31st day of January 1977

ORDERED that the Motions by defendants Clarence M. Kelley, Cartha DeLoach, William C. Sullivan and John P. Mohr to dismiss the Amended Complaints be, and the same hereby are, granted; and it is further

ORDERED that, within ninety (90) days of the date of the entry of this Order, the Federal Bureau of Investigation shall assemble at its headquarters in Washington, D.C., all known copies of the recorded tapes, and transcripts thereof, resulting from the FBI's microphonic surveillance, between 1963 and 1968, of the plaintiffs' former president, Martin

Luther King, Jr.; and all known copies of the tapes, transcripts and logs resulting from the FBI's telephone wiretapping, between 1963 and 1968, of the plaintiffs' offices in Atlanta, Georgia and New York, New York, the home of Martin Luther King, Jr., and places of public accommodation occupied by Martin Luther King, Jr.; and it is further

ORDERED that at the expiration of the said ninety (90) day period, the Federal Bureau of Investigation shall deliver to this Court under seal an inventory of said tapes and documents and shall deliver said tapes and documents to the custody of the National Archives and Records Service, to be maintained by the Archivist of the United States under seal for a period of fifty (50) years; and it is further

ORDERED that the Archivist of the United States shall take such actions as are necessary to the preservation of said tapes and documents but shall not disclose the tapes or documents, or their contents, except pursuant to a specific Order from a court of competent jurisdiction requiring disclosure.

_____
United States District Judge