UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNARD S. LEE, <br><br> Plaintiff, <br><br> v. <br><br> CLEARENCE M. KELLEY, *et al.*, <br><br> Defendants. | Civil Action No. 76-1185 |

**STATUS REPORT BY THE UNITED STATES**

The United States respectfully submits this status report in response to the Court's minute order dated April 2, 2025.

On March 17, 2025, the government filed a motion to unseal tapes and documents related to Martin Luther King Jr. that in 1977 this Court had ordered sealed for 50 years. ECF No. 2. The government filed a duplicate motion in a related case brought by the Southern Christian Leadership Conference. Mot. to Unseal (ECF No. 2), *S. Christian Leadership Conf.* ("*SCLC*") v. *Kelley*, Civ. A. No. 76-1186 (D.D.C.). The Court's January 31, 1977, order sealing the tapes and documents covered both cases. *See* Mem. Op. & Order, ECF No. 2-3. And the Lawyers' Committee for Civil Rights Under Law served as counsel of record for the plaintiffs in both actions.

On April 2, 2025, this Court issued separate minute orders in the two cases. In this case, the Court noted that the government had represented that the plaintiff, Bernard Lee, was deceased,[1] and directed the government to explain by April 9 "how to best proceed with the motion as to the

---

[1] *See* Obituary, *Rev. Bernard Lee, 55, Civil Rights Advocate*, New York Times, Feb. 14, 1991, at B20, available at https://www.nytimes.com/1991/02/14/obituaries/rev-bernard-lee-55-civil-rights-advocate.html.

now-deceased Mr. Lee." In the *SCLC* case, the Court noted that the SCLC had not filed a response to the government's motion within 14 days and directed the SCLC to inform the Court by April 4 whether it planned to file an opposition. On April 3, SCLC filed a status report stating that its deadline to respond to the government's motion was April 3, 2025, because the government had served the motion by mail. *See* Fed. R. Civ. P. 6(d).[2] The SCLC filed an opposition to the government's motion to unseal that day. Opp'n to Mot. to Unseal (ECF No. 8), *SCLC v. Kelley*, Civ. A. No. 76-1186 (D.D.C.).

In this case, even assuming that another party could assert any ongoing claim by Mr. Lee, no party has filed a motion to do so, *see* Fed. R. Civ. P. 25(a)(1), and, to the extent that Mr. Lee's interest in the order sealing the tapes and documents is a "right sought to be enforced," that interest continues with respect to the SCLC, *see* Fed. R. Civ. P. 25(a)(2), which has filed a response to the government's motion to unseal. The government therefore submits that the Court should consider the SCLC's timely opposition and issue a decision applicable to both cases after the government's motion to unseal is fully ripe.

Dated: April 9, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:   */s/ Johnny Walker*
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2511

*Attorneys for the United States of America*

---

[2] The government agrees with the SCLC's position.